**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARMEN MARADIAGA, | No. 08-70174 |
| Petitioner, | Agency No. A094-330-197 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Carmen Maradiaga, a native and citizen of Honduras, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from the

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we deny the petition for review.

Maradiaga fails to challenge the agency's dispositive determination that her asylum application was time-barred, and she also does not challenge the denial of her CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not addressed in the argument portion of a brief are deemed waived). Accordingly, we deny the petition as to these claims.

Maradiaga testified that after gang members beat her mother, she spoke out by going to a local television station, and that she subsequently received death threats. The agency found Maradiaga failed to demonstrate a clear probability of persecution on account of any of the statutorily protected grounds. Substantial evidence supports the agency's finding. *See Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Maradiaga's withholding of removal claim fails. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**